IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| BRUCE N. SAFFRAN, M.D., Ph.D., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:05-CV-547 |
| | § | |
| BOSTON SCIENTIFIC CORPORATION, | § | JURY DEMANDED |
| A DELAWARE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

Bruce N. Saffran, M.D., Ph.D., plaintiff in the above-entitled and numbered civil action, makes this complaint against Defendant, Boston Scientific Corporation, as follows:

### NATURE OF ACTION

1. This is a patent infringement action in which plaintiff seeks compensatory and exemplary damages, a reasonable royalty, and declaratory and injunctive relief.

### JURISDICTION AND VENUE

2. This action arises under the United States patent laws, 35 U.S.C. §§271 and 281-285.

3. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a) and 2201-2202.

4. Venue is proper in this district under 28 U.S.C. §§1391(b) and (c) and 1400(b).

## PARTIES

5. Plaintiff Bruce N. Saffran, M.D., Ph.D. ("Dr. Saffran") is a medical doctor and a Ph.D. currently residing at 136 Bertrand Drive, Princeton, New Jersey 08540.

6. On information and belief, Defendant Boston Scientific Corporation ("Boston Scientific"), is a corporation organized and existing under the laws of the State of Delaware, conducts business throughout the United States, including this judicial district, and has its corporate headquarters at One Boston Scientific Place, Natick, Massachusetts 01760-1537 and is engaged in the business of manufacturing, assembling, and selling drug eluting stents ("Boston Product"), including, but not limited to, the TAXUS® Express™, a Paclitaxel-Eluting Coronary Stent System. Boston Scientific can be served through its registered agent Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

## CLAIMS FOR RELIEF

7. On August 5, 1997, United States Patent Number 5,653,760 ("the '760 patent"), entitled "Method and Apparatus for Managing Macromolecular Distribution" was duly and legally issued. A copy of the '760 patent is attached hereto as Exhibit A.

8. Dr. Saffran is the lawful owner of all right, title, and interest in and to the '760 patent.

9. The Boston Product uses, incorporates, and embodies the inventions claimed in the '760 patent, and is covered by one or more claims of the patent. Consequently, the manufacture, use, offer for sale, sale and/or importation of the Boston Product constitutes direct infringement of the '760 patent.

10. On information and belief, Boston Scientific has made, used, offered for sale and/or sold the Boston Product in the United States and in this district. It has therefore directly infringed the '760 patent in violation of 35 U.S.C. §271(a).

11. On information and belief, Boston Scientific is further liable as an active inducer of infringement or a contributory infringer of the '760 patent under 35 U.S.C. §271(b) and/or (c) because it has offered for sale, sold, and knowingly encouraged, aided and abetted the manufacture, use, offer for sale and/or sale of the infringing Boston Product and encouraged others to use the infringing Boston Product.

12. Dr. Saffran notified Boston Scientific regarding infringement of the '760 patent by the Boston Product. Despite being aware of the '760 patent, Boston Scientific continued its infringement of the '760 patent.

13. On information and belief, Boston Scientific has willfully undertaken and carried out the aforesaid infringing activity with knowledge of the '760 patent and in total disregard of Dr. Saffran's lawful rights under the '760 patent, rendering this case "exceptional" under 35 U.S.C. §285.

14. The aforesaid infringing activity has damaged Dr. Saffran and, unless enjoined, will continue to cause him irreparable harm for which he has no adequate remedy at law.

## JURY DEMAND

Dr. Saffran hereby requests a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dr. Saffran prays for judgment as follows:

A. Adjudging that Boston Scientific has infringed, contributorily infringed,

and/or actively induced infringement of the '760 patent, and that such infringement, contributory infringement, and/or inducement of infringement has been willful;

B. Declaring and adjudging that the past and present manufacture, use, sale, importations, and/or offer for sale of the Boston Product constitutes infringement, contributory infringement, and/or inducement of infringement of the '760 patent;

C. Awarding Dr. Saffran damages adequate to compensate him for infringement of the '760 patent, increased threefold for willfulness, together with interest and costs, pursuant to 35 U.S.C. §284;

D. A judgment that this case is exceptional under 35 U.S.C. §285, and that Dr. Saffran is entitled to an award of attorneys' fees in the prosecution of this action;

E. Permanently enjoining Boston Scientific and the respective officers, agents, employees, customers, and those acting in privity with them, from further infringement, contributory infringement, and/or induced infringement of the '760 patent; and

F. For such other costs and further relief as the Court may deem proper and just.

Respectfully Submitted,

Eric M. Albritton
Texas State Bar No. 00790215
Lead Attorney
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (phone)
(903) 758-7397 (fax)
ema@emafirm.com

OF COUNSEL

Paul R. Taskier
DC Bar No. 367713
Gary M. Hoffman
DC Bar No. 141481
James W. Brady, Jr.
DC Bar No. 434467
Jeremy A. Cubert
DC Bar Number 457792
Dickstein Shapiro Morin & Oshinsky, LLP
2101 L Street, NW
Washington, DC 20037
(202) 785-9700 (phone)
(202) 887-0689 (fax)
hoffmang@dsmo.com
taskierp@dsmo.com
bradyj@dsmo.com
cubertj@dsmo.com

            ATTORNEYS FOR PLAINTIFF